IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00182-GPG

J. FREDDRICK MASON,

    Plaintiff,
v.

CHRISTINE ZORRILA,
WILLIAM ROBBINS, Judge,
ALISON SUTHERS, and
LISA HUGHES,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, J. Freddrick Mason, resides in Denver, Colorado. Mr. Mason has submitted *pro se* a Complaint (ECF No. 1) asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In a January 29, 2018 Order, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because Mr. Mason's § 1983 claims appeared to be barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 6). Consequently, Mr. Mason was ordered to show cause, within 30 days of the January 29, 2018 Order, why this action should not be dismissed. (*Id.*).

Mr. Mason has failed to respond to the January 29 Order to Show Cause and has not otherwise communicated with the Court since the order was issued. Therefore, this action will be dismissed for the reasons discussed below.

Mr. Mason alleges in the Complaint that he was arrested on false charges of second degree assault and child abuse on July 20, 2017, after a hotel employee misconstrued a domestic incident involving Plaintiff, his minor son, and the son's mother. Plaintiff states that his "religious beliefs compelled me to react to protect my child" from his mother. (ECF No. 1 at 5). Plaintiff further alleges that during the state criminal proceeding, his court-appointed public defender requested that he undergo a competency examination. After Mr. Mason was deemed competent to proceed, he requested that he be appointed new counsel, but the request was denied by the state trial court. According to Plaintiff, on January 23, 2018, he was "compelled to violate his religious beliefs by taking a deal for probation." (ECF No. 1 at 6). Mr. Mason asserts a single claim that his right to religious freedom was violated. For relief, he asks that his criminal case be vacated.

As discussed in the January 29 Order to Show Cause, Mr. Mason may not pursue a § 1983 claim challenging his arrest, pre-trial detention and guilty plea under the rule of *Heck.* Under *Heck v. Humphrey*, if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. 512 U.S. at 486-87. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . — if success in that action would necessarily demonstrate the invalidity of confinement or its

duration."). The rule in *Heck* is not limited solely to claims challenging the validity of criminal convictions and sentences; the rule also applies to claims seeking to invalidate the results of other forms of detention. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation); *see also Cohen v. Clemens*, No. 08-1394, 321 F. App'x 739, 741-42 (10th Cir. 2009) (unpublished) (applying Heck to claims for damages by immigration detainee challenging legality of his detention).

Further, even if Mr. Mason's request for injunctive relief is not barred by *Heck*, it is not cognizable in a § 1983 action. Plaintiff must assert any constitutional challenges to his conviction, and request that his conviction be vacated, in a habeas corpus action, filed under 28 U.S.C. § 2254, after he exhausts available state court remedies. *See* 28 U.S.C. § 2254(b); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 28 U.S.C. § 2254 habeas . . . are used to collaterally attack the validity of a conviction and sentence.").

Finally, to the extent Mr. Mason's state criminal proceeding is ongoing because he has not exhausted his state appellate rights, the Court must abstain from interfering in that proceeding pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are prohibited from interfering with ongoing state criminal

proceedings, absent extraordinary or special circumstances.  *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."  *Phelps*, 122 F.3d at 889.  The abstention principles of *Younger* are jurisdictional and apply whether the plaintiff seeks equitable or monetary relief.  *See D.L. v. Unified School Distr. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir.1981).

If there is an ongoing state criminal proceeding, the second *Younger* condition is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  Under the third condition, Mr. Mason will have an opportunity to raise his constitutional claims during an appeal and there is no reason to believe that his claims will not be given full and proper consideration by the state courts. *See Kugler v. Helfant*, 421 U.S. 117 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

Mr. Mason does not allege any facts in the Complaint to overcome the presumption of abstention, which requires a showing of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Indeed, he alleged in the Prisoner Complaint filed in a previous case that on July 15, 2017, one day before his arrest, he struck [his wife] in a manner to cause her to release [their son]."  (*See Jah Frederick Nathanial Mason, III v. J. Hickenlooper, et al.*, No. 17-cv-01967-LTB, No. 1 at 13-14 (cited in 11/28/17 Order of Dismissal, at 10).   It is the Plaintiff's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*  Mr. Mason's conclusory assertion that he was arrested and prosecuted based on his exercise of First Amendment rights is insufficient.   Accordingly, it is

ORDERED that the § 1983 claims asserted in the Complaint are DISMISSED WITH PREJUDICE pursuant to the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994).   It is

FURTHER ORDERED that Plaintiff's request that the Court vacate his state court conviction is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.  It is

FURTHER ORDERED that that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Mason files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED March 9, 2018, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock             
LEWIS T. BABCOCK, Senior Judge
United States District Court